UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

Mercy Hospital, Iowa City, Iowa, *et al.*,

      Debtor

_____

Dan R. Childers, *in his sole capacity as Liquidation Trustee*,

      Plaintiff

vs.

PeriGen, Inc.,

      Defendant

Chapter 11

Bankruptcy No. 23-00623

Adversary No. 25-09086

**OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

The matter before the Court is a Motion to Dismiss filed by PeriGen, Inc. ("Defendant"). The Court held a telephonic hearing and took the matter under advisement. Attorney William C. Trettin appeared for Defendant. Attorney Abbe M. Stensland appeared for Dan R. Childers, in his sole capacity as Liquidation Trustee of the Mercy Hospital Liquidation Trust. This is a core proceeding under 28 U.S.C. § 157(B).

## I.      STATEMENT OF THE CASE

In August 2023, Mercy Hospital, Iowa City, Iowa ("Debtor") filed Chapter 11 bankruptcy. Before filing, Debtor and Defendant were parties to a Software License and Support Agreement, later amended by the First Amendment to Software License and Support Agreement (together, the "Licensing Agreement"). Under the Licensing Agreement, Debtor made recurring payments to Defendant in exchange for software and support services. Shortly after filing, Debtor assumed the Licensing Agreement under 11 U.S.C. § 365 and assigned it to the University of Iowa (the eventual purchaser of the hospital). Trustee filed this adversary proceeding to avoid and recover payments totaling $28,347.75 made to Defendant between May 2023 and August 2023 as preferences under 11 U.S.C. § 547. Defendant asks this Court to dismiss the Complaint, asserting that Trustee's requested relief cannot be granted as a matter of law because payments made under a contract later assumed and assigned cannot be preferential. For the reasons stated below, the Court agrees with Defendant and grants the Motion to Dismiss.

## II.   DISCUSSION

### A. Standard for Motion to Dismiss

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6), made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b). Under Rule 12(b)(6), a complaint should be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R.

Civ. P. 12(b)(6). To survive a motion a dismiss, a complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Accordingly, a complaint may be dismissed under Rule 12(b)(6) when it lacks sufficient factual allegations regarding an element necessary to obtain relief. Id. In deciding this issue, the Court accepts the complaint's factual allegations as true, together with all reasonable inferences stemming from them. Sergeant v. OneWest Bank, FSB (In re Walter), 462 B.R. 698, 703 (Bankr. N.D. Iowa 2011).

> While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned" without converting the motion into one for summary judgment.

Miller v. Redwood Toxicology Laboratory, Inc., 688 F.3d 928, 931 n. 3 (8th Cir. 2012) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)).

### B. Analysis

3

The issue in this case concerns the interplay between 11 U.S.C. § 547, authorizing a trustee to recover certain pre-petition preferential transfers made by the debtor, and 11 U.S.C. § 365, authorizing a trustee, after curing any defaults, to assume and assign executory contracts of the debtor. Defendant argues that assumption of the Licensing Agreement effectively bars the Trustee from bringing this preference action to recover pre-petition payments made under the Agreement. The majority of courts faced with this issue—a preference action involving pre-petition payments on an assumed contract—have adopted Defendant's position. See In re Superior Toy & Mfg. Co., 78 F.3d 1169, 1176 (7th Cir. 1996) ("[A] chapter 7 trustee cannot bring a preference suit to recoup payments made pursuant to a validly assumed executory contract."); Kimmelman v. Prot Authority of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.), 344 F.3d 311 (3d Cir. 2003) (trustee's preference actions were precluded by debtor's prior assumption under 11 U.S.C. § 1110 of agreements with the defendants); Alvarado v. Walsh (In re LCO Enters.), 12 F.3d 938, 943 (9th Cir. 1993) ("The Trustee seeks to avoid payments that it was obligated to make pursuant to the court-approved assumption of the lease through confirmation of the plan. The Trustee cannot use § 547(b) to circumvent the requirements of § 365(b)."); Seidle v. GATX Leasing Corp., 778 F.2d 659, 665 (11th Cir. 1985) ("A trustee's election to set aside alleged preferential payments would undermine the protection that section 1110 provides for creditors. Pursuant to

4

the section 1110 stipulation, a creditor is entitled to unpaid pre-petition payments, as defaults; a trustee may not later thwart the effect of the statute by challenging the validity of these transfers as preferences."); Philip Servs. Corp. v. Luntz (In re Philip Servs., Inc.), 284 B.R. 541, 553 (Bankr. D. Del. 2002) ("[O]nce an executory contact is assumed the trustee or debtor may not maintain a preference action to recover payments made prepetition pursuant to that contract."); MMR Holding Corp. v. C & C Consultants, Inc. (In re MMR Holding Corp.), 203 B.R. 605, 613 (Bankr. M.D. La. 1996) ("The curing of default requirement obviates the bringing of the preference action, as the right to preference recovery must be a factor analyzed in the calculation by which the decision to assume is reached. Given this, either the action as a matter of law cannot be brought, or § 547(b)(5) cannot be met."); Virtual Network Servs. Corp. v. Brook Furniture (In re Virtual Network Servs. Corp.), 97 B.R. 433 (Bankr. N.D. Ill. 1989) (preference action barred by res judicata effect of prior agreement between the parties to assume and assign contract). Ryniker v. UPS (In re Décor Holdings, Inc.), No. 22-cv-04621, 2024 U.S. Dist. LEXIS 73885 at 6 (E.D.N.Y. April 22, 2024) ("[A]ssumption of an executory contract bars a Section 547 preference action against the transferee for payments made in connection with the assigned contract."). This Court agrees with those courts and adopts the same analysis, which is dispositive here.

Trustee asks the Court to reject the majority rule here. Trustee asserts that a plain reading of the Bankruptcy Code permits him to avoid pre-petition payments made under a contract that was assumed post-petition, reasoning that the Court cannot consider post-petition events when conducting the hypothetical chapter 7 analysis.

The Trustee's "plain reading" argument requires this Court to look at the language of the applicable code sections. A trustee properly pleads a claim for an avoidable preference by stating plausible facts alleging each element of 11 U.S.C. § 547(b), which provides:

> Except as provided in subsections (c) and (i) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—
>> (1) to or for the benefit of a creditor;
>> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>> (3) made while the debtor was insolvent;
>> (4) made—
>>> (A) on or within 90 days before the date of the filing of the petition; or
>>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>> (5) that enables such creditor to receive more than such creditor would receive if—
>>> (A) the case were a case under chapter 7 of this title;
>>> (B) the transfer had not been made; and
>>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). Defendant does not challenge the first four elements of this section. Defendant asserts that Trustee has not and cannot establish the fifth element—that the transfer enabled Defendant to receive more than it would have if the transfer had not been made and Defendant "received payment of such debt to the extent provided by the provisions of this title." Id. § 547(b)(5). "In other words, when the trustee brings a § 547(b) preference suit, the court is required to determine what each creditor would have received if the estate was liquidated and distributed to the creditors as provided in chapter 7 on the date that the bankruptcy petition was filed, and whether the creditor in question received more than his fair share." In re Superior Toy, 78 F.3d at 1171.

Trustee argues that on the petition date, Defendant was an unsecured creditor "with a contractual arrangement that may entitle it to a return the same as other unsecured creditors in the case." (Doc. 18 at 10). Trustee then argues that unsecured creditors will not get paid anywhere near 100%, like Defendant did here. The Court disagrees with Trustee's section 547 arguments. Defendant does not belong to the class of general unsecured creditors in the hypothetical liquidation. The assumption order removed the Defendant from this class by the operation of law under section 365.

Section 365 provides that "the trustee, subject to the court's approval, may assume or reject any executory contract … of the debtor." 11 U.S.C. § 365(a). If the

7

trustee assumes a contract, the trustee must cure any defaults and provide adequate

assurance of future performance. Specifically, section 365(b) provides:

(1) If there has been a default in an executory contract or unexpired lease
of the debtor, the trustee may not assume such contract or lease unless,
at the time of assumption of such contract or lease, the trustee—
(A) cures, or provides adequate assurance that the trustee will promptly
cure, such default …;
(B) compensates, or provides adequate assurance that the trustee will
promptly compensate, a party other than the debtor to such contract
or lease, for any actual pecuniary loss to such party resulting from
such default; and
(C) provides adequate assurance of future performance under such
contract or lease.

11 U.S.C. 365(b)(1). "If the [trustee or] debtor-in-possession assumes a contract, it

assumes the contract *cum onere*, continuing both to receive the benefits of and

perform its obligations under the contract." Lewis Bros. Bakeries Inc. v. Interstate

Brands Corp. (In re Interstate Bakeries Corp.), 751 F.3d 955, 961 (8th Cir. 2014)

(citing NLRB v. Bildisco & Bildisco, 465 U.S. 513, 531–32 (1984)). Once a contract

is assumed, liabilities under the contract are "treated as administrative expenses,

which are afforded the highest priority on the debtor's estate." NLRB v. Bildisco &

Bildisco, 465 U.S. at 532 (citing 11 U.S.C. § 503(b)(1)(A)). See also Enter. Energy

Corp. v. United States (In re Columbia Gas Sys.), 50 F.3d 233, 238–39 (3d Cir. 1995)

("[B]ecause assumption acts as a renewed acceptance of the terms of the executory

bargain, the Bankruptcy Code provides that the cost of performing the debtor's

obligations is an administrative expense of the estate, which will be paid first out of

8

the assets of the estate"). On the other hand, the trustee's rejection of an executory contract constitutes a breach of that contract. Id. § 365(g). The breach is treated as occurring "immediately before the date of the filing of the petition," rather than the date of rejection. Id. § 365(g)(1). This leaves the party whose contract was rejected with a pre-petition claim for damages against the estate, "plac[ing] that party in the same boat as the debtor's unsecured creditors, who in a typical bankruptcy may receive only cents on the dollar." Mission Prod. Holdings v. Tempnology, LLC, 587 U.S. 370, 374 (2019). Because Defendant's contract was assumed—not rejected— Defendant is not similarly situated to the general unsecured creditors. Instead, Defendant stands in a similar position to that of a secured creditor—pre-petition payments under the agreement are not preferential because the creditor is entitled to full payment of its claim. In re LCO Enterprises, 12 F.3d at 941.

Trustee's argument that courts have rejected the effect of post-petition events in preference cases is only partially correct. In In re Finn, the trustee sought to avoid pre-petition payments arising out of an unsecured loan agreement that the debtor had reaffirmed post-petition. 86 B.R. 902, 905 (Bankr. E.D. Mich. 1989). Defendant there argued it was not part of the class of general unsecured creditors because the reaffirmation agreement entitled it to full payment and as such, trustee could not show that the pre-petition transfers enabled it to receive more than it would have in a hypothetical chapter 7. The court rejected this argument in Finn because "[w]hen

9

a debtor enters into a reaffirmation agreement and thereafter makes payments to the creditor, those payments are made pursuant to that reaffirmation agreement and not pursuant to 'the provisions of this title [Title 11],'" as the hypothetical liquidation analysis under section 547(b)(5)(C) requires. Id. at 904. The court concluded for that reason the reaffirmation agreement was legally irrelevant and could not be considered.

The case before the Court is distinguishable. This is not a post-petition reaffirmation agreement. The case does not support Trustee's assertion that *no* post-petition events are relevant to the hypothetical liquidation analysis. The Sixth Circuit had previously refused to establish such an inflexible rule. In re Tenna Corp., 801 F.2d 819, 823 (6th Cir. 1986). The court held that post-petition debt incurred during a reorganization should not be considered in the hypothetical liquidation analysis. Id. However, the court expressly stated that it recognized "that **any administrative expenses** incurred during the pendency of the bankruptcy proceeding **should be included in the determination**." Id. (emphasis added). Here, administrative expenses are involved, which defeats Trustee's entire argument.

Moreover, the Trustee's insistence that the Court can only consider facts as of the petition date (though untrue) does not help his position. Defendant's right to payment and its position relative to other creditors in a hypothetical liquidation depends on whether the contract is assumed or rejected. This necessarily occurs post-

petition. In an ordinary case, the amount and priority of both unsecured and secured claims is fixed on the date of the petition. In re LCO Enterprises, 12 F.3d at 941. However, a party to an executory contract with the debtor stands in a very different position. "Although the amount of the debtor's prepetition default under the [agreement] may be fixed on the date of the filing, the status of the [contract creditor's] right to payment from the estate is not yet fixed."[1] Id. Defendant's claim could not be treated as an unsecured claim (as Trustee argues) unless and until the contract was rejected. If the Court cannot consider post-petition events, as Trustee argues, he could not argue that Defendant was a general unsecured creditor because a post-petition event (rejection) was required to make Defendant an unsecured creditor.

Finally, the Court rejects Trustee's arguments because treating Defendant as a general unsecured creditor on the petition date would lead to absurd results. Debtor paid Defendant in full prior to the petition date. No cure payment needed to be made

---

[1] In placing time limits on the assumption and rejection of contracts under section 365(d), Congress acknowledged this uncertainty:

> SUBSECTION (D) PLACES TIME LIMITS ON ASSUMPTION AND REJECTION. IN A LIQUIDATION CASE, THE TRUSTEE MUST ASSUME WITHIN 60 DAYS (OR WITHIN AN ADDITIONAL 60 DAYS, IF THE COURT, FOR CAUSE, EXTENDS THE TIME). IF NOT, THE CONTRACT OR LEASE IS DEEMED REJECTED. IN A REHABILITATION CASE, THE TIME LIMIT IS NOT FIXED IN THE BILL. HOWEVER, IF THE OTHER PARTY TO THE CONTRACT OR LEASE REQUESTS THE COURT TO FIX A TIME, THE COURT MAY SPECIFY A TIME WITHIN WHICH THE TRUSTEE MUST ACT. THIS PROVISION WILL PREVENT PARTIES IN CONTRACTUAL OR LEASE RELATIONSHIPS WITH THE DEBTOR FROM BEING LEFT IN DOUBT CONCERNING THEIR STATUS VIS-A-VIS THE ESTATE.

H.R. Rep. 95-595 (1977).

in order to assume the Agreement under section 365. Yet, under Trustee's argument, Defendant would have to return the pre-petition payment it received to the Trustee, who would then have to turn around and pay it back again to cure the default. If Debtor did not make the pre-petition payment, Trustee would have had to cure this default post-petition in order to assume the contract, and Defendant would suffer no exposure to a preference action. In both cases, section 365 entitles Defendant to full payment of the amounts owed under the contract. Trustee's argument that Debtor should receive the benefits of the assumption, without the burdens, would entirely negate the protection that section 365 affords creditors in exchange for forced continued performance under the assumed contracts. As the Seventh Circuit pointed out in Superior Toy (one of the many cases rejecting Trustee's argument), this result cannot be what Congress intended in passing section 365:

> The language and intent behind § 365 is decisive. The language of § 365(b)(1) is unequivocal. A party to an executory contract must be paid all amounts due him under the contract before the contract may be assumed. In drafting § 365(b)(1), Congress went further than requiring that the trustee guarantee payment for future performance under the contract. It required that the trustee guarantee payment of all amounts owed prior to assumption. If Congress had intended to deprive contracting parties of monies they received prepetition, why would Congress require that all defaults be cured prior to assumption? Serendipity would determine whether a contracting party is subjected to a preference suit. We believe Congress passed § 365 to insure that a contracting party is made whole before a court can force the party to continue performing with a bankrupt debtor. Permitting a preference suit after an assumption order would undermine that purpose.

78 F.3d at 1174. For this reason, the court in <u>Superior Toy</u> concluded, as this Court does, that section 547(b) and section 365 are mutually exclusive remedies. <u>Id.</u> "A trustee may not prevail under both." <u>Id.</u>

### CONCLUSION

For the aforementioned reasons, the Defendant's Motion to Dismiss is **GRANTED**. Because the Court finds that this claim is barred as a matter of law, any attempt to amend the Complaint would be futile. For this reason, dismissal will be without leave to file an amended complaint.

Ordered:
July 13, 2026

Thad J. Collins
Chief Bankruptcy Judge